ATLAS FURNITURE COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56770. Filed June 20, 1956.

*B. W. Flinn, C. P. A.*, for the petitioner.
*Walter T. Hart, Esq.*, for the respondent.

## OPINION.

HARRON, *Judge:* The petitioner had a fire in the middle of 1951. Shortly thereafter, in 1951, it was paid insurance to cover its loss of

materials and goods in the net amount of $31,403.38. Petitioner originally contended that it was entitled to exclude $31,403.38 from its excess profits net income under the provisions of section 456 (b), 1939 Code, as abnormal income. Petitioner has receded somewhat from its original position and now seeks to exclude only $13,808.40 which amount it computed in its brief, for the first time, as abnormal income allocable to 1952. Petitioner cites no authority for any of its contentions.

We think that the first question for consideration is whether petitioner realized any income in 1951 out of the insurance proceeds of $31,403.38. Petitioner had the burden of proving that income was realized.

We think the situation is not essentially different from what it would have been if petitioner had sold the destroyed property for $31,403.38. In that event the petitioner would have reported the latter amount as gross sales, and against that the cost of the property would have been offset in order to arrive at gross income from the sales. Then any other deductions pertaining to the goods would have been taken into account and a net amount would have been reflected in the return as net income. The situation is no different here where the disposition of the goods resulted from fire rather than from sale, and petitioner has made no attempt to show costs or other deductions which should be taken into account in determining what income was realized, if any, upon its receipt of $31,403.38.

This brings us to the provisions of section 456 (b), 1939 Code. It was incumbent upon the petitioner to show first what part, if any, of the $31,403.38 really represented income. Since the petitioner failed to do this, we do not reach the question of allocation of an amount, if any, which could be allocated to 1952, or any other year, under section 456 (b).

The petitioner's contentions must be denied.

*Decision will be entered for the respondent.*